IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

DELILAH TUCKER,

                Plaintiff,                          ORDER

     v.                                            08-cv-0024-bbc

GARY GEORGE and
DAN ROSSMILLER,

                Defendants.

---

On August 1, 2008, I entered an order granting the motion of defendant Gary George to disqualify plaintiff's lawyer, Victor Arellano, and the law firm of Lawton & Cates, S.C., on conflict of interest grounds. Specifically, I found that two lawyers at Lawton & Cates, Peg Lautenschlager and Dan Bach, had acquired confidential government information about defendant George during their former employment as Attorney General and Deputy Attorney General, respectively, and that the firm had not taken adequate measures at the time they joined the firm to screen them from participation in this lawsuit. Plaintiff has filed a motion for reconsideration, arguing that I committed clear error in finding that Lautenschlager and Bach had acquired confidential government information about George while employed in the attorney general's office. Plaintiff argues that I improperly relied on

1

hearsay evidence submitted by defendant Rossmiller, that any confidential information that Lautenschlager and Bach may have had about George was no longer confidential when this lawsuit was commenced and that Lawton & Cates did not "knowingly" violate the Rules of Professional Conduct.

Plaintiff's motion will be denied.  As an initial matter, plaintiff offers no reason why she did not make these arguments at the time the disqualification motion was pending.  Although the court did not issue any order allowing either plaintiff or defendant George to respond to the submissions by defendant Rossmiller, neither did plaintiff (or George) ask for the opportunity to respond.  Plaintiff could have raised her evidentiary objections by filing a motion to strike before I decided the disqualification motion.  Similarly, plaintiff could have argued in response to the motion that any information pertaining to the state's investigation of George is a matter of public record.  Instead, plaintiff offered only a half-hearted response to George's contention that Lautenschlager and Bach were disqualified from representing her under SCR 20:1.11(c), leading me to conclude that she had all but conceded the point.  Plaintiff's desire to raise arguments that she could have made during the pendency of the previous motion is not a legitimate basis for seeking reconsideration.  <u>Caisse Nationale de Credit Agricole v. CBI Industries, Inc.</u>, 90 F.3d 1264, 1269-70 (7th Cir. 1996).

2

In any case, even if I were to consider plaintiff's belated arguments, they do not convince me that I committed a manifest error of law or fact. Plaintiff's argument that the records of the George investigation are a matter of public record is outweighed by the Department of Justice's objections to the subpoena, in which it has asserted various legal privileges as a basis for non-disclosure. SCR 20:1.11(c) (defining "confidential government information" as that which government has legal privilege not to disclose). As for plaintiff's objections to my consideration of a June 20, 2008 letter from Assistant Attorney General Steven Means, defendant George has cured plaintiff's hearsay concerns by submitting an affidavit from Means in which he swears to the truth of the statements he made in his letter, making any error in considering that letter immaterial. Although Bach disputes the accuracy of Means's statement that Bach participated "personally and substantially" in the state's investigation of George, he has not contested Means's assertion that Bach and Lautenschlager "actually obtained privileged and confidential information" about George. In finding that Bach and Lautenschlager were personally disqualified from representing plaintiff, I relied on this latter assertion, not the former. This is not to suggest that Bach or Lautenschlager *remembers* any confidential or privileged information he or she received. I accept their sworn assertions that they recall little of their involvement in the state's investigation and have no memory of any confidential information they might have learned about George during the course of that investigation. Nonetheless, the Rules of Professional

3

Conduct exist not only to prevent actual ethical violations, but the *appearance* of impropriety, and it is that concern that was paramount in my decision to grant the disqualification motion. Schloetter v. Railoc of Ind., Inc., 546 F.2d 706, 710 (7th Cir. 1976) (because courts have responsibility to maintain public confidence in the legal profession, court may disqualify attorney "for not only acting improperly but also for failing to avoid the appearance of impropriety") (quoting Richardson v. Hamilton Internat'l Corp., 469 F.2d 1382, 1385-86 (3d Cir. 1972)). Accord LaSalle National Bank v. Lake County, 703 F.2d 252, 257 (7th Cir. 1983) (upholding district court's finding that former state's attorney who worked on similar sewage agreements when employed in state's civil division was disqualified from representing plaintiffs in challenge to particular sewage agreement even though attorney submitted affidavit denying having received information specific to agreement challenged in plaintiff's lawsuit and did not deny that he was privy to information relating to similar sewage agreements). To avoid that appearance, Lawton & Cates was required to erect a formal screen between Tucker's case and Lautenschlager and Bach, which it failed to do.

  Finally, plaintiff argues that I should have viewed Assistant Attorney General Means's assertions regarding Lautenschlager and Bach's possession of confidential information with suspicion because Assistant Attorney General Moriarty (who is representing defendant Rossmiller) has made "other unfounded assertions to justify disqualification," namely, that

4

Arellano could be called as a witness because of his relationship with a woman who worked on George's staff during the same time as plaintiff. As plaintiff is aware, I did not consider this ground for disqualification (the legitimacy of which plaintiff vehemently disputes) because defendant George withdrew it and defendant Rossmiller did not take any position on the motion. Thus, it remains undecided whether Moriarty's assertions are unfounded or not. Lying even further afield is plaintiff's suggestion that Moriarty and Means are in cahoots to have plaintiff's firm disqualified and have submitted phony affidavits to effectuate their plan. This hypothesis is far too speculative to show that I committed clear error in granting the motion.

ORDER

IT IS ORDERED that the motion of Delilah Tucker for reconsideration of the court's August 1, 2008 disqualifying Lawton & Cates, S.C., from representing plaintiff is DENIED.

Entered this 29th day of August, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

5